Case No. 24-40535

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

JORGE R. MARTINEZ,

        Plaintiff-Appellant,

v.

OFFICER DAVID HINOJOSA; CITY OF LAREDO,

        Defendants – Appellees

Appeal from the United States District Court
For the Southern District of Texas
Laredo Division

---

APPELLANT JORGE R. MARTINEZ' REPLY BRIEF

---

DAVID L. FLORES
**GRIFFITH LAW GROUP**
4228 N. McColl Road
McAllen, Texas 78504
956-971-9446
956-971-9451 – Facsimile
dflores@rgvfirm.com
**ATTORNEY FOR APPELLANT
JORGE R. MARTINEZ**

**TABLE OF CONTENTS**

Page

Table of Contents………………………………………………………………..ii

Table of Authorities…………………………………………………………..iii

Reply Brief of Appellant…………………………………………………………1

Argument……………………………………………………………………...1

    A.    Qualified Immunity……………………………………………………1

    B.    Monell Claims against the City of Laredo……………………………….3

Conclusion……………………………………………………………………4

Certificate of Service……………………………………………………………iv

Certificate of Compliance with Rule 32(a)………………………………………v

## TABLE OF AUTHORITIES

**CASES** **PAGE**

*Tennessee v. Garner*,
471 U.S. 1, 11 (1985)……………………………………………………………3

**STATUTES & RULES**

FED. R. CIV. P. 56……………………………………………………………….1

## REPLY BRIEF OF APPELLANT

Appellant Jorge Martinez files this Reply Brief to respond to the arguments raised in Appellees' Brief and further demonstrate that the District Court erred in granting summary judgment.

## ARGUMENT

### The District Court Erred in Granting Summary Judgment by Improperly Resolving Factual Disputes in Favor of Defendants

A. Qualified Immunity

Defendants argue that the District Court correctly found that Officer Hinojosa acted reasonably as a matter of law based on the video evidence. However, in doing so, the District Court improperly resolved genuine issues of material fact in favor of Defendants, contrary to Federal Rule of Civil Procedure 56. Specifically, Defendants' argument ignores critical factual disputes, including whether Officer Hinojosa could hear Martinez's declarations of surrender, whether Martinez posed an imminent threat justifying the use of deadly force, and whether it was feasible for Officer Hinojosa to issue a warning before using deadly force.

Defendants assert that it is undisputed that Hinojosa could not hear Martinez when he exited the residence. This claim, however, is contradicted by evidence in the record, including testimony from multiple witnesses who clearly heard Martinez repeatedly shout, "I'm not the shooter!" One witness was inside her home, and

another was positioned farther away than Hinojosa, yet both heard Martinez.[1] Defendants attempt to sidestep this evidence by arguing that the body camera footage contradicts this possibility. However, what is audible in the body cam recording is not determinative of what Hinojosa was actually able to hear at the time. The mere fact that Martinez's voice may not be clearly captured in the recording does not negate the testimony of those who did hear him. This raises a triable fact issue that should have precluded summary judgment.

Further, Defendants argue that Martinez posed an immediate threat justifying the use of deadly force. The evidence does not support this conclusion. The video footage, along with witness testimony, shows that Martinez exited his home naked, holding the rifle with the barrel pointed downward, and raising his free hand above his head in a clear gesture of surrender.[2] No sudden or aggressive movements are visible in the footage, and at no point does Martinez appear to raise the weapon or aim it in a manner that would indicate an immediate threat. *Id*. Additionally, multiple officers were present at the scene, some positioned closer to Martinez than Hinojosa, yet none of them deemed it necessary to use deadly force. The fact that other trained officers on site did not fire a single shot further underscores that Hinojosa's decision to do so was not objectively reasonable.

---

[1] ROA. 1032-1035, 1061-1065, 1175-1179.

[2] ROA. 1149, 5:55:54 – 5:56:08.

Defendants also claim that the District Court correctly found that it was not feasible for Hinojosa to issue a warning before shooting. They rely entirely on Hinojosa's self-serving assertion that he did not believe Martinez would have been able to hear him. However, this assertion is contradicted by the very fact that Hinojosa, from the same position, was able to warn officers on the scene that Martinez was naked and holding a gun.[3] Moreover, immediately after shooting Martinez, Hinojosa issued a post-shooting command, warning Martinez not to move or he would "shoot [him] again." *Id*. The fact that Hinojosa had the ability to issue these warnings undermines his claim that issuing a pre-shooting warning was not feasible. Established precedent holds that officers must give a warning before using deadly force whenever feasible. *See Tennessee v. Garner*, 471 U.S. 1, 11 (1985). Whether a warning was feasible is a factual question that should have been resolved by a jury, not decided on summary judgment.

Because these factual disputes go to the heart of the excessive force inquiry, they should have been resolved by a jury. The District Court's failure to properly apply Rule 56 and construe the evidence in the light most favorable to the non-movant constitutes reversible error.

B. <u>Monell Claims against the City of Laredo</u>

---

[3] ROA. 1147, 5:56:05-5:56:37.

The District Court's order dismissing Plaintiff's Monell claims should also be reversed. The District Court dismissed Plaintiff's Monell claims as it found that without a constitutional violation, there can be no municipal liability.[4] The Court based its decision on its finding that Officer Hinojosa reasonably perceived an imminent threat justifying the use of deadly force and that it was not feasible for Hinojosa to have issued a command or warning. Because the summary judgment evidence creates a genuine issue of material fact as to these issues, the District Court's decision should be reversed.

## **CONCLUSION**

The District Court erred by granting summary judgment in favor of Defendants despite the existence of multiple genuine issues of material fact. The evidence, when properly viewed in the light most favorable to Martinez, demonstrates that (1) Officer Hinojosa's use of deadly force was unconstitutional, (2) he was not entitled to qualified immunity, and (3) the City of Laredo is liable under Monell for its failure to train and supervise.

For these reasons, Martinez respectfully requests that this Court reverse the District Court's grant of summary judgment, reinstate all claims against Defendants, and remand for trial on the merits.

Respectfully submitted,

**Griffith Law Group**
4228 North McColl
McAllen, Texas 78504
(956) 971-9446

**By: /s/ David L. Flores**

5.

## CERTIFICATE OF SERVICE

I, David L. Flores, certify that today, the 10<u>th</u> day of March, 2025, a copy of **APPELLANT JORGE R. MARTINEZ'S REPLY BRIEF** was served on Defendants – Appellees counsel of record by using the electronic filing system of the U.S. Court of Appeals for the Fifth Circuit.

*/s/ DAVID L. FLORES*
DAVID L. FLORES

# CERTIFICATE OF COMPLIANCE WITH RULE 32 (A)

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of FED. R. APP. P. 32 (a)(7)(B) because:

    ■ this brief contains 842 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii), *or*

    ☐ this brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because:

    ■ this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point size and Times New Roman font style, *or*

    ☐ this brief has been prepared in a monospaced typeface using _____ with _____.

*/s/ DAVID L. FLORES*
DAVID L. FLORES
Attorney for Appellant, Jorge R. Martinez
Dated: March 10, 2025